```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION


FRANK B. McCUNE, JR.                                      PLAINTIFF

VS.                       CIVIL ACTION NO. 3:11-cv-423(DCB)(JMR)

UNITED STATES DEPARTMENT OF JUSTICE;
MERCHANT AND FARMERS BANK;
REGIONS FINANCIAL CORPORATION,
F/K/A UNION PLANTERS BANK;
MEMBERS EXCHANGE CREDIT UNION, F/K/A
INDUSTRIAL EMPLOYEES CREDIT UNION;
AMERIPRISE FINANCIAL SERVICES, INC.,
F/K/A AMERICAN EXPRESS FINANCIAL
SERVICES; VARIOUS "JOHN DOES"                            DEFENDANTS
```

ORDER

This cause is before the Court on defendant Regions Financial Corporation (formerly known as Union Planters Bank)'s Motion to Dismiss **(docket entry 9)**, and Motion to Dismiss Second Amended Complaint **(docket entry 39)**. Having carefully considered the motions and responses, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

According to the plaintiff's Second Amended Complaint,[1] "[t]his is an action under Title 12 United States Code Sections 3401 et seq. seeking damages and other redress as well as the award of attorney fees, for the violation of Plaintiff's rights under the Right to Financial Privacy Act (RFPA) and for related common law and statutory claims under the laws of the State of Mississippi."

---

[1] The plaintiff's Second Amended Complaint is hereafter referred to as "Complaint," and cited as "Sec. Am. Compl."

Sec. Am. Compl., ¶ 1.

The plaintiff is a medical doctor residing in Jackson, Mississippi. The Complaint alleges that on or about January 25, 1999, the Department of Justice caused administrative subpoenas to be issued to, inter alia, defendant Regions Financial Corporation (formerly known as Union Planters Bank). Second Am. Compl., ¶ 12. The subpoena "requested 'any and all documents relating to all accounts held either directly or indirectly' by the Plaintiff," Sec. Am. Compl. ¶ 14, including: "signature cards; applications; monthly statements; safe deposit box records of access; financial statements and credit reports; certificates of deposit, purchased or redeemed; copies of deposit slips; and copies of all cancelled checks." Sec. Am. Compl. ¶ 15. According to the plaintiff's Complaint, "[t]he requested documents are protected under the provisions of the Right to Financial Privacy Act and applicable state laws." Sec. Am. Compl. ¶ 16.

In November of 2002, McCune was indicted on charges including "conspiracy to commit mail fraud, six counts of making false statements to Medicare, and one count of embezzlement." Sec. Am. Compl. ¶ 17. On or about May 29, 2003, he was acquitted of all charges. Id. On or about May 7, 2009, the plaintiff was notified by the Department of Justice that the administrative subpoenas had been issued in 1999 and 2001. Sec. Am. Compl. ¶ 18. "Said notification acknowledged that Plaintiff was not provided notice of

the issuance of the subpoenas as required by Title 12, United States Code, Section 3405." Sec. Am. Compl. ¶ 19. On or about March 18, 2010, the Department of Justice "further acknowledged that it was not known if any certifications were sent to the respective financial institutions with the subpoenas." Sec. Amend. Compl. ¶ 20.

In Count I of his Complaint, the plaintiff alleges that the Department of Justice "knowingly and willfully caused administrative subpoenas to be issued for bank and financial records of the Plaintiff," Sec. Am. Compl., ¶ 24, "in violation of the provisions of the Right to Financial Privacy Act [("RFPA")], in particular, 12 U.S.C. §3405, which requires that a copy of the subpoena or summons 'be served upon the customer or mailed to his last known address on or before the date on which the subpoena or summons was served on the financial institution.'" Sec. Am. Compl. ¶ 25.

In Count II, the plaintiff alleges that the Department of Justice "knowingly and willfully caused administrative subpoenas to be issued for bank and financial records of the Plaintiff without the certification required by 12 U.S.C. §3403(b)," Sec. Am. Compl. ¶ 31, "depriv[ing] the Plaintiff of the protection intended by the Act." Sec. Am. Compl. ¶ 32.

Count III alleges that defendant Regions Financial Corporation and others "failed to comply with the provisions of 12 U.S.C. §

3411 that require obtaining a certificate from the Government authority requesting financial records prior to the release of any financial records," Sec. Am. Compl. ¶ 36, and thereby "knowingly and willfully violated the protections afforded to Plaintiff under the Right to Financial Privacy Act, in particular, Sections 3402, 3403, 3405, and 3411 of Title 12 of the United States Code." Sec. Am. Compl. ¶ 37.

Count IV alleges that the actions by defendant Regions Financial Corporation and others "constitute a violation of Mississippi statutory and common law." Sec. Am. Compl. ¶ 40.

Defendant Regions Financial Corporation ("Regions") moves to dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Specifically, Regions asserts that the subpoena served on it by the Department of Justice ("DOJ") was issued pursuant to 18 U.S.C. § 3486, which provides, in subsection (d), immunity from civil liability in federal and state courts from claims of a customer for production of records and for non-disclosure of the production. Mtn. to Dismiss, ¶ 7.

In general, a motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. <u>Id</u>.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Dismissal is appropriate, then, if the complaint fails to allege sufficient facts to raise the right to relief above the speculative level.  Dismissal is also appropriate "when a defendant attacks the complaint because it fails to state a legally cognizable claim."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  When a complaint shows on its face that it is barred by an affirmative defense, it may be dismissed for failure to state a cause of action.  See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

In this case, Regions is asserting an affirmative defense of statutory immunity.  Affirmative defenses in general are better suited for a motion for summary judgment than for a motion to dismiss.  See Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 570 n.2 (5th Cir. 2005).  However, where "the facts are admitted or are not controverted or are conclusively established so

that nothing further can be developed by a trial of the issue," dismissal pursuant to Rule 12(b)(6) may be appropriate. <u>Larter & Sons v. Dinkler Hotels Co.</u>, 199 F.2d 854, 855 (5th Cir. 1952).

Ordinarily, the Court must limit itself to the contents of the Complaint and attachments thereto; however, documents attached to a motion to dismiss may be considered if (1) the Complaint refers to the document and (2) the document is central to the plaintiff's claim. <u>Kane Enters v. MacGregor (USA), Inc.</u>, 322 F.3d 371, 374 (5th Cir. 2003).

Regions attached to its original motion to dismiss a copy of the subpoena. In addition, the Court has been furnished copies of the indictment and the superseding indictment by defendant Merchant and Farmers Bank. These documents are referred to in the plaintiff's Complaint and are central to his claims.

The Subpoena Duces Tecum is directed to the Custodian of Records of Union Planters Bank (now known as Regions Financial Corporation) and requires the recipient to furnish certain documents (relating to accounts held by the plaintiff and described in an Exhibit attached to the subpoena)

> which are necessary in the performance of the responsibility of the U.S. Department of Justice to investigate Federal health care offenses, defined in 18 U.S.C. § 24(a) to mean violations of, or conspiracies to violate: 18 U.S.C. §§ 669, 1035, 1347, or 1518; and 18 U.S.C. §§ 287, 371, 664, 666, 1001, 1027, 1341, 1343, or 1954 if the violation or conspiracy relates to a health care benefit program (defined in 18 U.S.C. § 24(b).

Subpoena Duces Tecum, p. 1. The Subpoena states that it is

"[i]ssued under authority of Sec. 248 of the Health Insurance Portability & Accountability Act of 1996, Public Law No. 104-91 (18 U.S.C. § 3486)." Id. The subpoena also contains a warning:

> Failure to comply with the requirements of this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

Id.

The subpoena served on Regions was issued pursuant to 18 U.S.C. § 3486, which gives the Attorney General or his designee the authority to issue administrative subpoenas in any investigation relating to a federal health care offense. The plaintiff acknowledges that the subpoena was issued pursuant to 18 U.S.C. § 3486. Pl. Amend. Response, ¶ 6.

Section 3486 also provides:

> Notwithstanding any Federal, State, or local law, any person, including officers, agents, and employees, receiving a summons under this section, who complies in good faith with the summons and thus produces the materials sought, shall not be liable in any court of any State or the United States to any customer or other person for such production or for nondisclosure of that production to the customer.

18 U.S.C. § 3486(d). "Those who comply with the subpoenas in good faith are immune from federal and state civil liability." Jason Chimon et al., Health Care Fraud, 48 Am.Crim.L.Rev. 783, 823 (2011). Thus, subpoena recipients do not enjoy absolute immunity, but only qualified immunity grounded on good faith.

Nowhere in his response to the motion to dismiss does the

7

plaintiff concede that Regions acted in good faith. The existence of good faith on Regions' part does not appear on the face of the plaintiff's Complaint, nor is it apparent from the documents attached to the motions to dismiss of Regions and Merchants and Farmers Bank, of which the Court has taken judicial notice.

Qualified immunity is an affirmative defense, and the burden is on the defendant to plead and establish facts to prove the defense. Burroughs Payment Systems, Inc. v. Symco Group, Inc., 2012 WL 1670163, *6 (N.D. Calif. May 14, 2012); In re Bernard L. Madoff Inv. Securities LLC, 458 B.R. 87, 106 (Bkrtcy. S.D. N.Y 2011). The plaintiff is not required to plead the defendant's bad faith (or lack of good faith) at this stage in the proceedings. In re Dreier LLP, 452 B.R. 391, 425 (Bkrtcy. S.D. N.Y. 2011).

The Court cannot simply conclude as a matter of law that Regions acted in good faith in responding to the DOJ's subpoena. Since the Complaint does not show on its face that it is barred by the affirmative defense, it cannot be dismissed for failure to state a cause of action. The qualified immunity issue should be considered on a full evidentiary record, either at the summary judgment stage or at trial. Accordingly,

IT IS HEREBY ORDERED that defendant Regions Financial Corporation's Motion to Dismiss **(docket entry 9)** and Motion to Dismiss Second Amended Complaint **(docket entry 39)** are DENIED;

FURTHER ORDERED that Regions' Joinder in Merchants and Farmers

Bank's Reply to Plaintiff's Response **(docket entry 33)**, insofar as it can be construed as a request for permission to join in the reply, is GRANTED.

SO ORDERED, this the 24th day of July, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE