UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
JACKSON DIVISION


FRANK B. McCUNE, JR.                                              PLAINTIFF

VS.                            CIVIL ACTION NO. 3:11-cv-423(DCB)(MTP)

UNITED STATES DEPARTMENT OF JUSTICE;
OFFICE OF U.S. ATTORNEY GENERAL -
SOUTHERN DISTRICT OF MISSISSIPPI;
MERCHANT AND FARMERS BANK; AMERIPRISE
FINANCIAL SERVICES, INC.; and THE
MEMBERS EXCHANGE CREDIT UNION                                    DEFENDANTS


MEMORANDUM OPINION AND ORDER

This civil case is before the Court on a "Motion for a Trial by Jury" **(docket entry 196)** and memorandum filed by the plaintiff Frank B. McCune, Jr. Defendant Ameriprise Financial Services, Inc., has filed a response and memorandum, which defendant The Members Exchange Credit Union has joined. Defendants Office of U.S. Attorney General - Southern District of Mississippi and United States Department of Justice (collectively "Department of Justice") have also filed a response. Having carefully considered the motion and responses, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

This civil action was commenced on July 13, 2011, with the filing of the plaintiff's complaint. The plaintiff seeks damages against the Department of Justice and various financial institutions for claimed violations of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3422.

The plaintiff asserts that he made a timely demand for a jury

trial. The defendants assert that the plaintiff failed to make a timely jury demand and thereby waived his Seventh Amendment right to a trial by jury.

The applicable Federal Rules of Civil Procedure provide as follows:

**Rule 38. Right to a Jury Trial; Demand**

**(a) Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the constitution – or as provided by a federal statute – is preserved to the parties inviolate.

**(b) Demand.** On any issue triable of right by a jury, a party may demand a jury trial by:

    (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and

    (2) filing the demand in accordance with Rule 5(d).

**(c) Specifying Issues.** In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may – within 14 days after being served with the demand or within a shorter time ordered by the court – serve a demand for a jury trial on any other or all factual issues triable by jury.

**(d) Waiver; Withdrawal.** A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

. . .

**Rule 39. Trial by Jury or by the Court**

**(a) When a Demand is Made.** When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:

2

> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.
>
> **(b) When No Demand Is Made.** Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.
>
> **(c) Advisory Jury; Jury Trial by Consent.** In an action not triable of right by a jury, the court, on motion or on its own:
>
> (1) may try any issue with an advisory jury; or
>
> (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

Fed.R.Civ.P. 38 & 39.

When he filed the plaintiff's initial complaint on July 13, 2011, plaintiff's counsel did not include a formal jury demand. He did, however, check the box on the civil cover sheet indicating that a jury demand had been made. On July 14, 2011, the clerk of court directed counsel to file a separate request for Jury Demand. Docket Annotation of July 14, 2011. Plaintiff's counsel filed a "Motion and Demand for Jury Trial" on July 15, 2011. Although titled "motion," the document was entered as a "Demand for Trial by Jury" by the clerk. Inasmuch as none of the defendants had been served, the electronic case management system forwarded notice only to plaintiff's counsel.

Although some cases provide an exception for pro se litigants, in general a civil litigant cannot make his jury demand by checking the box on the civil cover sheet. See Hardtke v. The Hartford, 2006 WL 503952 *1 (W.D. Tex. Jan. 5, 2006)("That plaintiff checked a box on the civil cover sheet indicating that she had included a jury demand in the complaint, which, in fact, she had not, is insufficient on its own to preserve her right to a jury trial."). The original complaint served on the defendants did not include a jury demand. The jury demand of July 15, 2011, was not served on the defendants. Thus, the plaintiff's initial jury demand did not meet the requirements of Fed.R.Civ.P. 38(b).

On October 20, 2011, the plaintiff filed his first amended complaint, and on October 27, 2011, he filed his second amended complaint. Both complaints contained a demand for jury trial, and both were served on the defendants. These jury demands were sufficient to meet the requirements of Fed.R.Civ.P. 38(b).

> Under Rule 38(b), a party must make a written demand for a jury trial, and the written jury demand must be served on the other party between the filing of the Complaint and fourteen days after the service of the last pleading directed to the issue triable by a jury. The term "last pleading" refers to a pleading which contests the issue triable by a jury, such as an answer to a Complaint or a reply to a counterclaim.

Fletcher v. Maryland, 2012 WL 600717 *4 (D. Md. Feb. 22, 2012)(citing Donovan v. Travelers Trash Co., 599 F.Supp. 43, 44 (E.D. N.C. 1984)).

In Cambridge Integrated Services Group, Inc. v. Concentra

Integrated Services, Inc., 2010 WL 4736171 (W.D. La. Nov. 16, 2010), the district court noted that the Fifth Circuit has not defined the meaning of the term "pleading" as used in Rule 38. However, "other courts have held that the meaning of the term is governed by Rule 7(a), which clearly states that a pleading is (1) a complaint, (2) an answer, (3) an answer to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint, (6) a third-party answer, or (7) a court ordered reply to an answer." Id. at *1 (citing Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995)). "The Fifth Circuit has said that the 'last pleading' requirement in Rule 38 usually means an answer or a reply to a counterclaim." Id. (citing Matter of Texas General Petroleum Corp., 52 F.3d 1330, 1339 (5th Cir. 1995)(additional citations omitted)).

In this case, the "last pleading" was The Members Exchange Credit Union's Answer, which was filed August 7, 2012. Merchants and Farmers Bank's Answer was filed August 3, 2012, and Ameriprise Financial Services' Answer was filed January 10, 2012. Thus, the plaintiff's jury demands of October 20 and 27, 2011, were timely and fulfilled the other requirements of Fed.R.Civ.P. 38(b).

The defendants further argue that the plaintiff waived his jury demand "by litigating the case for approximately nine months with notice that the case was proceeding towards a bench trial." Ameriprise's Memorandum, p. 4. This argument is based on the Case Management Order of July 31, 2012, which contains a notation that

5

"this action is set for non-jury trial."  Case Management Order, ¶ 7(A).  Two subsequent docket entries resetting the trial also referred to the case as a "bench trial."  Docket entry 120 (January 25, 2013); Docket entry 123 (February 7, 2013).

Rule 38(d) provides that "[a] proper demand may be withdrawn only if the parties consent."  Fed.R.Civ.P. 38(d).  Rule 39(a) provides that "[when a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.  The trial on all issues so demanded must be by jury unless ... the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record ...."  Fed.R.Civ.P. 39(a).  Furthermore, the Fifth Circuit has stated that "[t]he right to a jury trial is a fundamental right, and courts should 'indulge every reasonable presumption against waiver.'"  McAfee v. Martin, 63 F.3d 436, 437 (5th Cir. 1995)(quoting Bowles v. Bennet, 629 F.2d 1092, 1095 (5th Cir. 1980)(quoting Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937)).

The notation that this case would proceed as a non-jury trial was apparently a court-generated error and was contrary to a valid jury demand.  It should be noted, however, that the plaintiff is not entitled to a jury as to claims against the Department of Justice defendants, and that perhaps was a source of confusion. The Court can identify no documentation in the record indicating that the plaintiff withdrew his jury demand, that the parties

stipulated to a bench trial, or that the plaintiff otherwise waived his fundamental right to a jury trial. The plaintiff's motion for trial by jury shall therefore be granted as to all non-governmental defendants.

The plaintiff also moves for utilization of the jury in an advisory capacity, as provided in Rule 39(c)(1), as to claims against the Department of Justice defendants. The Department of Justice replies that use of an advisory jury should be denied because "(1) it is a waste of judicial resources; (2) requires additional and unnecessary expense by USDOJ; and (3) the case is complex and better suited for a bench trial." Department of Justice's Response, p. 1. It is premature for the Court to declare that the jury will be used in an advisory capacity as to claims against the government. Discovery in this case is ongoing, and the parties have yet to file any summary judgment motions. It is simply too early in the proceedings for the Court to determine what issues, if any, will remain for trial, and whether an advisory jury would be helpful. The plaintiff's motion for utilization of an advisory jury as to claims against the Department of Justice defendants shall therefore be denied without prejudice.

Accordingly,

IT IS HEREBY ORDERED that the "Motion for a Trial by Jury" **(docket entry 196)** filed by the plaintiff Frank B. McCune, Jr. is GRANTED IN PART AND DENIED IN PART AS FOLLOWS:

7

The plaintiff's motion for trial by jury as to all claims against non-governmental defendants is GRANTED;

The plaintiff's motion for utilization of the jury in an advisory capacity as to claims against the Department of Justice defendants is DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 21st day of May, 2013.

/s/ David Bramlette<br>UNITED STATES DISTRICT JUDGE